John T. Bender, WSBA # 49658
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Brian T. Peterson, WSBA # 42088
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

HONORABLE FREDERICK P. CORBIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REFRESHING USA LIQUIDATION TRUST,<br><br>Remaining Debtor[1], | Lead Case No. 24-01863-11<br>(Jointly Administered) |
| BRIAN WEISS, as Liquidation Trustee of the REFRESHING USA LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>QUICK FUNDING GROUP LLC,<br><br>Defendant. | Adv. Pro. No.____<br><br>COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS |

[1] The Refreshing USA Liquidation Trust (the "Liquidation Trust") is the successor-in-interest to the Former Debtors and Debtors-in-Possession (defined below). The Former Debtors and Debtors-in-Possession, along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (8945) ("Refreshing"); Water Station Management LLC (2716) ("Water Station"); Creative Technologies, LLC (1888) ("Creative" and, together with Refreshing and Water Station, the "Refreshing Debtors"); and Ideal Property Investments, LLC (1791) ("Ideal" and, together with the Refreshing Debtors, "Former Debtors"). The cases being jointly administered are Refreshing, Case No. 24-01863-11; Water Station, Case No. 24-01864-11; and Creative, Case No. 24-01866-11. Ideal, Case No. 24-01421, was not jointly administered and closed on January 8, 2026.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Brian Weiss, ("Plaintiff" or "Trustee"), as Liquidation Trustee of Refreshing USA Liquidation Trust (the "Liquidation Trust"), by and through counsel of record, for his claims and claims assigned to him against QUICK FUNDING GROUP LLC ("Defendant" or "Lender"), alleges and avers as follows:

## I. NATURE OF THE ADVERSARY PROCEEDING

1. This adversary proceeding arises from a Ponzi scheme perpetrated by the Debtors and their related affiliates (collectively, the "WST Enterprise"), through their principal, Ryan Wear, to defraud thousands of victims by raising nearly $400 million in outside capital under false pretenses, failing to deploy investor funds as promised, and misappropriating and converting funds for unauthorized purposes including the enrichment of insiders. The WST Enterprise routinely used funds raised from machine purchasers, bond issues, and lenders, to make payments owed to earlier investors and creditors. The WST Enterprise operated as a Ponzi scheme no later than March 1, 2018.

2. The Debtors made payments to creditors, including machine purchasers, with fraudulent intent. The Liquidation Trustee seeks the return of money fraudulently transferred to Defendant so that the funds can be equitably redistributed pro-rata to the Debtors' creditors.

3. Plaintiff, pursuant to the authority vested in him by the *Debtors' and the Committee's Joint First Amended and Second Modified Chapter 11 Plan of Liquidation (July 16, 2025)* [Dkt. No. 1117], and Liquidation Trust Agreement dated September 30, 2025, brings this adversary proceeding pursuant to provisions of the Bankruptcy Code, 11 U.S.C. §§ 105(a), 544(b), 548(a)(1), 550(a), and 551; the Uniform Voidable Transactions Act, RCW 19.40.011 et seq.; and other applicable laws, to set aside and recover certain fraudulent transfers made to Defendant and preserve said property for the benefit of the Liquidation Trust. Moreover, pursuant to § 502(d) of the Bankruptcy



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Code, Plaintiff seeks to disallow any claims filed by the Defendant against the Debtors unless and until the Defendant returns to the Liquidation Trust the transfers that are the subject of this Complaint.

## II. PARTIES

4. Plaintiff is Brian W. Weiss, solely in his capacity as the Liquidation Trustee of the Refreshing USA Liquidation Trust. Plaintiff is a citizen of California.

5. At all relevant times, Defendant was a lender to the WST Enterprise, who transferred funds to one or more of the Debtors in one or more loan.

## III. JURISDICTION AND VENUE

6. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) over the subject matter of this proceeding because the claims asserted herein arise under the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the Bankruptcy Court.

7. On information and belief, Defendant is subject to the jurisdiction of this Court by virtue of its contacts with the United States.

8. Core proceedings include proceedings to determine, avoid, or recover fraudulent conveyances. 28 U.S.C. § 157(b)(2)(H). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 because it arises in or under the Debtors' Chapter 11 case and is a proceeding to determine, avoid, or recover fraudulent conveyances. Regardless of whether this is a core proceeding, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court. Defendant is notified that Rule 7008(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires Defendant to plead whether this proceeding is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

9. Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in the Bankruptcy Court in the Eastern District of Washington is proper because the Debtors' bankruptcy case is pending in this District.

## IV. FACTUAL ALLEGATIONS

### A. The WaterStation Ponzi Scheme

10. Ryan Wear formed all of the Debtor entities, controlled such entities, and was their majority owner at all relevant times. The Debtors' primary office location was 2732 Grand Avenue, Everett, Washington. Ryan Wear and the Debtors held the WST Enterprise out to third parties as a successful manufacturer and operator of specialized water vending machines and, later, traditional vending equipment. Debtors claimed to manufacture "WaterStation" vending machines that it offered to sell for $8,500 in combination with a "proprietary" franchise system.

11. Beginning from at least March 1, 2018, the Debtors were operated as a Ponzi scheme. The Debtors engaged in a series of fraudulent actions and transactions in furtherance of a Ponzi scheme to defraud investors and other creditors. Investors in the Ponzi scheme who purportedly purchased franchise interests in vending machines were referred to as "franchisees."

12. To induce new and continued investments, Debtors marketed the business opportunity as a "totally passive" and "recession resistant" investment—one through which investors could earn "18% to 20% ROI" within "12 months of startup operations." The Debtors promised to install and service customer machines at retail locations throughout the country in exchange for a percentage of profits. Debtors also touted a "guaranteed buyback" of machines to limit the risk of the investment. Investors that consummated the transaction were supplied with serial numbers and addresses where their machines were ostensibly located.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

13. Contrary to the Debtors' representations to investors, Debtors' legitimate business operations and assets were far from profitable and could never sustain the scheme's mounting obligations. Debtors depended almost exclusively on fundraising and constant commingling of funds to meet their growing obligations to investors and other creditors.

14. Debtors never generated sufficient operating revenue to support their mounting obligations to machine owners and other creditors. Debtors began experiencing cash liquidity issues starting no later than March of 2018. Beginning no later than March 1, 2018, the Debtors used cash from new investors and creditors to make monthly payments to investors.

15. The Debtors raised over $225 million from machine purchasers between 2018 and 2022, who were led to believe they were acquiring water vending machines. Rather than use these funds to manufacture and install revenue-generating machines, however, the vast majority of machine purchaser capital—over 70%—was commingled with various Debtor-affiliated accounts to pay insiders, machine owners, and other preexisting debts.

16. In 2022, when the flow of funds from purported machine owners slowed, Debtors issued bonds to generate tens of millions in new funding. The bond indenture generated over $97 million of new funds disbursed directly to Debtors. While the terms of the bond initially required that the funds be used exclusively to acquire water stations, approximately 80% of the funds were actually used to pay insiders, machine owners, and other preexisting expenses.

17. The Debtors also raised capital through commercial loans and various forms of distressed financing throughout the relevant time period. Between 2020 and 2024, Debtors borrowed over $58.7 million (excluding bond proceeds) to pay their



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

debts. Between 2018 and 2024, Debtors raised approximately $380 million from these sources. All of the Debtors' fundraising helped create the illusion of a profit-making enterprise. In reality, however, in 2018 and after, the WST Enterprise depended nearly exclusively on raising funds from outside sources.

18. Between 2018 and 2024, only 11% of bank deposits received by the Debtors were attributable to legitimate vending operations. As of the Debtors' Petition Date, at best, 10% of the 21,000+ vending units sold by Debtors existed. Additionally, the Debtors routinely sold purported vending machines with the same serial number to multiple purchasers. The Debtors' legitimate revenues were *never* sufficient to satisfy the Debtors' obligations to investors and other creditors, let alone turn a profit.

19. The WST Enterprise's activities were extensively commingled between the Debtors, which were separate in name only as evidenced by, among other things, thousands of undocumented intercompany transfers that collectively moved hundreds of millions of dollars between Debtors and their various affiliates. The Debtors used the vast majority of the funds received for unauthorized purposes such as transfers to insiders, acquisitions of real property and other businesses, as well as payments to earlier investors/franchisees and creditors.

**B. The Debtors' Bankruptcy Case**

20. In May of 2024, upon the motion of First Fed Bank, the Superior Court of King County, Washington appointed Turning Point Strategic Advisors as a general receiver over Creative Technologies, LLC ("Creative"). On August 23, 2024, the Superior Court of King County entered an order making the Receiver a receiver over Water Station Management LLC ("Water Station"), Refreshing USA, LLC ("Refreshing"), and all of the Debtors' subsidiaries. At the same time, there were at least two federal lawsuits and several state lawsuits alleging that Debtors' previous



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

manager, Ryan Wear, engaged in a massive fraud and Ponzi scheme, and alleging that Debtors' real property assets may have been obtained using funds involved in a fraud.

21. On August 27, 2024 (the "Petition Date"), Chapter 11 Involuntary Petitions were filed against the Debtors—Creative, Water Station, and Refreshing—in the Bankruptcy Court for the Southern District of Texas. On October 27, 2024, the Bankruptcy Court for the Southern District of Texas entered Orders Directing Joint Administration of the Chapter 11 Cases. On November 14, 2024, on motion to transfer venue filed by the Debtors, the Bankruptcy Court for the Southern District of Texas transferred the Chapter 11 Cases to the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court").

22. On September 9, 2025, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' and Committee's Joint First Amended and Second Modified Chapter 11 Plan of Liquidation (July 16, 2025)* [Dkt. No. 1259] (the "Confirmation Order"). Dkt. No. 1259.

23. The Confirmation Order confirmed the *Debtors' and the Committee's Joint First Amended and Second Modified Chapter 11 Plan of Liquidation (July 16, 2025)* [Dkt. No. 1117] (the "Plan").

24. Under Article 8 of the Plan, and as specifically approved by the Confirmation Order, the Debtors and affiliated entities listed in Article 8 of the Plan are all substantively consolidated as of October 1, 2025 (the "Effective Date"). The Confirmation Order contains certain findings that the Debtors were operated as a Ponzi scheme (the "Ponzi Findings"). In particular, the Bankruptcy Court determined that:

> (i) the "WST Enterprise," consisting of Debtors in these consolidated cases and their related affiliates . . . . operated as a single economic unit; (ii) the WST Enterprise inextricably commingled their financial affairs;



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

> (iii) the WST Enterprise had insufficient operating income to meet their liabilities on a current basis no later than March 1, 2018; (iv) the WST Enterprise routinely used funds raised from machine purchasers, bond issues, and lenders to make payments owed to earlier investors and creditors; and (v) the WST Enterprise operated as [a] Ponzi scheme no later than March 1, 2018 (the "Ponzi Start Date").

Confirmation Order, ¶ 18.

25. Pursuant to the Plan, the Debtors executed a Liquidation Trust Agreement dated September 30, 2025, which created the Liquidation Trust and named Brian Weiss as "Liquidation Trustee."

26. Under the Plan, all Retained Causes of Action and Causes of Action that are Contributed Claims, including those belonging to the Debtors and non-Debtor affiliates that are substantively consolidated under the Plan, were transferred and conveyed to the Liquidation Trust. The Plan authorized the Liquidation Trustee to pursue all Retained Causes of Action, including avoidance action claims under Chapter 5 of the Bankruptcy Code, and Causes of Action that are Contributed Claims. Under the Plan, "Contributed Claims" are claims a "Water Station Owner" or other unsecured creditor has against any person or entity and are related in any way to the Debtors, their predecessors, or their respective affiliates.

**C. Lender's Loan to the WST Enterprise and the Fraudulent Transfers**

27. On or about August 8, 2022, Defendant transferred cash in the amount of $300,000.00 to one or more of the Debtors in exchange for a purported interest in the Debtors' future receivables (the "<u>Loan</u>"). The Debtors signed a Merchant Agreement that outlined the details of the Loan, including the Purchase Price, Purchased Percentage, Payment Frequency, and Remittance Amount. The Merchant Agreement



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

states that Defendant was purchasing future receivables from "Creative Technologies, LLC, dba Waterstation® Technology."

28. Prior to the Petition Date, Defendant received payments from the Debtors on account of Defendant's Loan as described in Exhibit A, in the total amount of $517,489.00 ("Fraudulent Transfers").

29. Thus, Defendant received $217,489.00 in excess of the principal amount loaned or invested in the WST Enterprise ("Fictitious Profits").

30. Plaintiff is unaware of any facts that would demonstrate that Defendant received the Fraudulent Transfers without inquiry notice as to the existence of the Debtors' Ponzi scheme and/or the insolvency of the transferor entity.

## V. FIRST CAUSE OF ACTION

### Action to Avoid Intentionally Fraudulent Transfers of Money and Other Property and Preserve the Same for the Benefit of the Estate Pursuant to RCW 19.40.041(a)(1) and 19.40.071, and Bankruptcy Code §§ 544(b), 548(a)(1), 550(a), and 551

31. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 30 as if fully set forth herein at length.

32. At all relevant times there were one or more creditors of the Debtors who held and now hold unsecured claims against the Debtors that were and are allowable under Bankruptcy Code § 502(e).

33. The Fraudulent Transfers were made with the actual intent to hinder, delay, or defraud creditors. The Fraudulent Transfers were made to or for the benefit of Defendant in furtherance of a fraudulent investment scheme.

34. Defendant is the initial transferee of the Fraudulent Transfers. Alternatively, the Defendant is the party for whose benefit each Fraudulent Transfer



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

was made. Therefore, once avoided, the Plaintiff may recover the Fraudulent Transfers from the Defendant.

35. As a result of the foregoing, pursuant to RCW 19.40.041(a)(1), RCW 19.40.071, RCW 19.40.081(2) and Bankruptcy Code §§ 544(b), 548, 550(a), and 551, Plaintiff is entitled to a judgment (a) avoiding and preserving the Fraudulent Transfers, (b) directing that the Fraudulent Transfers be set aside, and (c) recovering the Fraudulent Transfers from Defendant for the benefit of the Liquidation Trust.

## VI. SECOND CAUSE OF ACTION

### Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estate Pursuant to RCW 19.40.041(a)(2), RCW 19.40.051(a), and RCW 19.40.071, and Bankruptcy Code §§ 544, 548(a)(1), 550(a), and 551

36. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 35 above as if fully set forth herein at length.

37. At all relevant times there were one or more creditors of the Debtors who held and now hold unsecured claims against the Debtors that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

38. The Debtors did not receive reasonably equivalent value in exchange for the Fictitious Profit transferred to the Defendant.

39. The Debtors were insolvent at the time that they made each of the Fraudulent Transfers consisting of Fictitious Profit or, in the alternative, the Debtors became insolvent as a result of each of the Fraudulent Transfers consisting of the Fictitious Profit.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

40. At the time the Debtors made each of the Fraudulent Transfers consisting of Fictitious Profit, the Debtors were engaged or were about to engage in a business or transaction for which the property remaining in their hands after each of the Fraudulent Transfers consisting of Fictitious Profit was an unreasonably small capital.

41. At the time the Debtors made each of the Fraudulent Transfers consisting of Fictitious Profit, the Debtors had incurred, were intending to incur, or believed that they would incur debts beyond their ability to pay as the debts matured.

42. Defendant is the initial transferee of the Fraudulent Transfers. Alternatively, the Defendant is the party for whose benefit each Fraudulent Transfer was made. Therefore, once avoided, the Plaintiff may recover the Fraudulent Transfers from the Defendant.

43. As a result of the foregoing, pursuant to RCW 19.40.041(a)(2), RCW 19.40.051(a), RCW 19.40.071, RCW 19.40.081(2), and Bankruptcy Code §§ 544(b), 548, 550, and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the portion of the Fraudulent Transfers consisting of Fictitious Profit, (b) directing that the Fraudulent Transfers be set aside to the extent they consisted of Fictitious Profit, and (c) recovering the portion of the Fraudulent Transfers consisting of Fictitious Profit from Defendant for the benefit of the Liquidation Trust.

## VII. THIRD CAUSE OF ACTION
## Disallowance of claims Pursuant to Bankruptcy Code §§ 502(a) and (d)

44. The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 43 above as if fully set forth herein at length.

45. To the extent that Defendant has or intend to file any claim against the Debtors' bankruptcy estates or the Liquidation Trust, the Plaintiff objects to such claim



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

pursuant to § 502(a) of the Bankruptcy Code in that the claim is unenforceable against the Debtors and property of the Debtors under applicable law and/or pursuant to § 502(d) of the Bankruptcy Code to the extent that the Defendant has failed to pay or turn over the amounts of the avoidable Fraudulent Transfers.

## VIII. FOURTH CAUSE OF ACTION
## Unjust Enrichment—Pled in the Alternative

46. Plaintiff incorporates by reference paragraphs 1 through 45.

47. Plaintiff pleads this cause of action in the alternative and to the extent that the Court determines that any payment or other benefit received by Defendant is not recoverable under the avoidance claims and is not governed by, authorized by, or subject to an enforceable right of Defendant under the Merchant Agreement.

48. Defendant received substantial benefits in the form of payments of commissions, fees, and other compensation.

49. Amounts paid to Defendant were funded, directly or indirectly, with property of the Debtors, including funds raised from investors and creditors in furtherance of WST Enterprise's Ponzi scheme.

50. To the extent Defendant received payments or other benefits for which it had no valid and enforceable contractual or legal entitlement, Defendant was enriched at the expense of the Debtors, creditors, and assigned claimholders.

51. Under the circumstances alleged herein, including the source of the funds transferred to Defendant, it would be inequitable for Defendant to retain any such payments or benefits.

52. Defendant has been unjustly enriched at the expense of the Debtors, creditors, and assigned claimholders.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

53. Plaintiff is entitled to restitution, disgorgement, constructive trust relief, and all equitable remedies available under law.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order and judgment in favor of the Trustee and against the Defendant as follows:

54. On the First Cause of Action, pursuant to RCW 19.40.041(a)(1), RCW 19.40.071, RCW 19.40.081, and Bankruptcy Code §§ 544(b), 548(a)(1), 550(a), and 551, (a) avoiding and preserving the Fraudulent Transfers, (b) directing that the Fraudulent Transfers be set aside, and (c) recovering the Fraudulent Transfers from Defendant for the benefit of the Liquidation Trust.

55. On the Second Cause of Action, pursuant to RCW 19.40.041(a)(2), RCW 19.40.051(a), RCW 19.40.071, RCW 19.40.081, and Bankruptcy Code §§ 544(b), 548(a)(1), 550, and 551, (a) avoiding and preserving the portion of the Fraudulent Transfers consisting of Fictitious Profits, (b) directing that the Fraudulent Transfers be set aside to the extent they consisted of Fictitious Profit, and (c) recovering the portion of the Fraudulent Transfers consisting of Fictitious Profit from Defendant for the benefit of the Liquidation Trust.

56. On the Third Cause of Action, pursuant to Bankruptcy Code § 502(a) and (d), disallowing any and all claims of the Defendant against the Debtors and the Liquidation Trust.

57. On the Fourth Cause of Action, awarding restitution, disgorgement, constructive trust relief, and all equitable remedies available to prevent Defendant's unjust enrichment.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

58. On all Causes of Action, awarding Plaintiff prejudgment interest from the date on which the Fraudulent Transfers were received at the statutory rate of 12 percent per annum;

59. Awarding Plaintiff all applicable costs, fees, and disbursements of this action permitted by law; and

60. For such further relief as the Court deems just, proper, and equitable.

DATED: August 7, 2026

K&L GATES LLP
*/s/ John T. Bender*
John T. Bender, WSBA # 49658
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Email: john.bender@klgates.com

K&L GATES LLP
*/s/ Brian T. Peterson*
Brian T. Peterson, WSBA # 42088
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Email: brian.peterson@klgates.com

*Attorneys for Refreshing USA Liquidation Trust*